UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZEHEN RODRIGUEZ LOPEZ,

    Plaintiff,

v.                                                         Case No. 8:17-cv-1184-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's decision denying his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1962, is a high-school graduate, and has past relevant work experience as a kitchen helper, truck driver, and forklift operator. (R. 29). In October 2013, he applied for DIB alleging disability as of June 15, 2013, due to back and knee problems and gout. (R. 172). The Social Security Administration (SSA) denied the Plaintiff's claims both initially and on reconsideration. (R. 82–84, 87–91).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on February 10, 2016. The Plaintiff was represented by counsel at the hearing and testified on his own behalf with the aid of a Spanish interpreter. (R. 35–60). A vocational expert (VE) also testified. *Id*.

In a decision dated March 14, 2016, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date; (2) had the severe impairments of gout, obesity, low back pain, and "status-post right knee repair of torn meniscus;" (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; (4) had the residual functional capacity (RFC) to perform medium work, subject to certain limitations, including—of relevance here—that he was confined to occupations that do not require complex written or verbal communications in English; and (5) based in part on the VE's testimony, was capable of performing his past relevant work as a kitchen helper, truck driver, and forklift operator. (R. 29). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 29–30).

The Appeals Council subsequently denied the Plaintiff's request for review. (R. 1–8). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his or her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A Social Security claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

III.

The Plaintiff raises two challenges on appeal: (1) in rendering his RFC determination, the ALJ failed to discuss significantly probative evidence, specifically

4

an October 28, 2014, MRI, that supports the Plaintiff's subjective complaints of pain; and (2) the ALJ erred in finding that the Plaintiff is only limited with respect to occupations requiring complex written or verbal communications in English. (Doc. 22 at 2, 6). In response, the Commissioner asserts that the ALJ's RFC determination is supported by substantial evidence, and that the Plaintiff has failed to show that he is unable to communicate in English. (Doc. 23 at 3–9).

Upon a thorough review of the record and the parties' submissions, the Court finds that the ALJ's evaluation of the medical evidence of record did not adhere to the applicable legal standards. As a result, the Court is constrained to reverse the Commissioner's decision and remand the case for further proceedings.

## A.

In this Circuit, an ALJ's consideration of a claimant's subjective complaints are governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies this "pain standard," the Regulations dictate that the ALJ then assess the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c). Factors relevant to this evaluation include the objective medical evidence; evidence of factors

5

that precipitate or aggravate the claimant's symptoms; medications and treatments available to alleviate the symptoms; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513. 517 (11th Cir. 1984)). If the ALJ elects not to credit the claimant's subjective testimony, however, he must articulate explicit and adequate reasons for his decision. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted).

In this case, in making his RFC assessment, the ALJ specifically discussed and relied upon some, but not all, of the relevant evidence. In particular, the ALJ acknowledged the Plaintiff's complaints of pain made in a May 2, 2014, function report and in an August 2, 2014, pain questionnaire. (R. 27–29). The ALJ also relied heavily on the medical opinions of three agency consultative examiners, as well as an MRI taken on September 12, 2013, which revealed mild low thoracic spondylosis, mild bilateral hip joint degenerative changes and no significant lumbar spondylosis. (R. 27-28, 288). In addition, the ALJ acknowledged that the Plaintiff was in an automobile accident on October 8, 2014, and considered the subsequent related medical treatment notes from the Plaintiff's treating sources.

Notably, however, the ALJ did not address the results of an October 28, 2014, MRI conducted after the October 8, 2014, automobile accident. This was error. That MRI revealed the Plaintiff had a disc bulge at L3-4 compressing the thecal sac with some narrowing bilateral neural foramina, and disc bulges at L4-5 and L5-S1 compressing the thecal sac moderately narrowing bilateral neural foramina. (R. 314). Post-accident treatment notes document the Plaintiff's continuing complaints of back pain symptoms that are consistent with the October 28, 2014, MRI results. (R. 355, 360, 365, 370, 371, 374). Indeed, the medical record as a whole indicates that the Plaintiff either sustained a significant back injury following the October 8, 2014, automobile accident, or exacerbated his previously-documented back injury.

The Commissioner's attempt to justify the ALJ's evaluation of the evidence does not alter the Court's conclusion. The Commissioner contends in this regard that, in determining the Plaintiff's RFC, the ALJ specifically considered the entirety of Exhibit 4F, which contained the October 28, 2014, MRI. (Doc. 23 at 7). The Commissioner further argues that, even if the ALJ had specifically mentioned this post-accident MRI in his decision, the result would be the same because the report is consistent with a diagnosis of low back pain, which the ALJ considered as a severe impairment at step two of the sequential evaluation process. *Id.* According to the Commissioner, treatment records after the Plaintiff's accident document mostly normal examination results. *Id*.

The Commissioner's argument is unpersuasive. Although an ALJ is not required to discuss every single piece of medical evidence in the record, the October

7

28, 2014, MRI report is significant, and the ALJ should have considered and discussed that report in evaluating the Plaintiff's subjective complaints regarding his physical restrictions. On remand, given the marked changes between the pre- and post-accident MRIs, the ALJ should consider ordering an updated examination with a medical consultant, including the completion of a physical capacity evaluation form.

Contrary to the Commissioner's contention, the ALJ's error in failing to consider the findings from the October 28, 2014, MRI report is not harmless. The potential impact of this objective medical evidence is reasonably disputed and could have had an effect on the outcome of the ALJ's RFC determination. *See Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006) (per curiam). Based on the above, the case must be reversed and remanded for the ALJ to consider the October 28, 2014, MRI in evaluating the Plaintiff's subjective complaints under the pain standard.

B.

The Plaintiff's remaining argument provides further reason for remand. As noted, the Plaintiff contends that the ALJ's conclusions with respect to his literacy and ability to communicate verbally in English are not supported by substantial evidence. (Doc. 22 at 7). The Court largely agrees.

The subject of the Plaintiff's English-language abilities arose at the hearing and, in fact, he gave his testimony with the aid of a Spanish interpreter. During the hearing, the ALJ asked the Plaintiff questions about his ability to speak and write in English. (R. 54–57). The Plaintiff testified that, while he understood some things in English,

he was unable to speak, write, or read in that language with the exception of obtaining basic directions from street signs and GPS. (R. 54–55). When asked about his ability to communicate in English at his previous employment, the Plaintiff testified that "it was a mix," and that his supervisor was bilingual. (R. 55). The Plaintiff explained that his supervisor would give him specific verbal directions, including some English terms, and that over time he was able to comprehend simpler and more familiar terms, but no more than that. (R. 56). The ALJ then posed a hypothetical to the VE that assumed an individual who, among other things, was "limited to occupations that do not require complex written or verbal communication in English." (R. 56). As part of his subsequent RFC determination, the ALJ found the Plaintiff was limited to occupations that do not require complex written or verbal communication in English. (R. 26).

By the Court's consideration, the ALJ's RFC finding in this regard presupposes that the Plaintiff can read, write, and speak English except for complex written and verbal communication. This position is not supported by substantial evidence given the manner and substance of the Plaintiff's testimony, as well as the record evidence of his inability to read, write, and speak fluently in English. (R. 171).

The Commissioner's contention to the contrary is unavailing. *See* (Doc. 23 at 8). Relying on the same record and testimonial evidence referenced above, the Commissioner urges that the Plaintiff can communicate in English because he can read street signs, ask for simple driving directions, and understood instructions from a previous bilingual supervisor. As with the ALJ's RFC finding on the matter, the

Commissioner's interpretation of the evidence is not sufficiently buttressed by the record. *See Vega v. Harris,* 636 F.2d 900, 904 (1981) (a brief verbal exchange in English between the ALJ and plaintiff during the hearing is not a substitute for the determination on the question of ability to communicate in English).

A review of the pertinent regulation—20 C.F.R. § 404.1564(b)(5)—reinforces this conclusion. That regulation directs that when determining a claimant's RFC, the ability to read, speak, and understand English should be considered an educational factor. *Id*. As the Ninth Circuit has explained:

> The ability to communicate is an important skill to be considered when determining what jobs are available to a claimant. Illiteracy seriously impacts an individual's ability to perform, work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision. These are all factors that Social Security Ruling No. 96-8P requires an ALJ to consider when determining whether a claimant has the residual functional capacity to perform past relevant work.

*Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001).

In this case, although the ALJ noted the Plaintiff's language barrier in both his findings of fact and the hypotheticals he posed to the VE, he failed to explain how the Plaintiff's inability to understand, speak, read, and write in English could affect the Plaintiff's past relevant work as generally performed.

The Court does not suggest that claimants who cannot communicate in English should automatically be found disabled at step four of the sequential evaluation process. In this case, however, the ALJ found that the Plaintiff could perform work as a kitchen helper, truck driver, and forklift operator—all of which require a sufficient

ability to read, write, and speak in English. Yet, neither the ALJ nor the VE fully addressed the impact of the Plaintiff's language barrier on his ability to find and perform these occupations, and this error further substantiates the need for remand.

On remand, the ALJ should more fully evaluate the Plaintiff's limited English-language skills and consider whether he can perform his past relevant work, either as he actually performed it or as generally performed in the national economy.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is REVERSED and REMANDED for further proceedings before the Commissioner consistent with this Order.

2) The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

3) The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 28th day of February 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record